268 P.2d 988

DAVIS STOCK CO. v. HILL et al.

No. 8100.

Supreme Court of Utah.

March 30, 1954.

Leonard S. Ralph, G. Hal Taylor, Salt Lake City, for appellant.

Clair M. Aldrich, J. Robert Bullock, Provo, for respondents.

LEWIS, District Judge.

From an order dismissing appellant's amended complaint for failure to state a claim this appeal is taken. The complaint in issue alleges:

"1. That on or about the 18th day of December, 1952, defendant was operating and managing the Hillcrest Motel at 1675 State Street, at Orem, Utah, and for the purpose of inducing the plaintiff to purchase said premises, the stock, fixtures and Good Will, and with intent to deceive and defraud the plaintiff, the defendant did falsely and fraudulently represent to the plaintiff that the said business as theretofore conducted by defendant was a profitable business and that the gross income realized by the defendant during the year of 1952 had exceeded the sum of $20,000.00, and that the net operating expenses had been 15 to 18 Per Cent of the gross; that the defendant did falsely and fraudulently represent to the plaintiff that the fuel oil bill was $465.00 to $480.00 per year, that the roofs of the buildings did not leak and were in excellent condition, and that the heating and water system were in excellent condition, and that nothing was wrong with them.

"2. That plaintiff believed and relied upon such representations and induced thereby purchased said premises, the stock, fixtures and Good Will, and paid the defendant therefor the sum of $81,000.00.

"3. That defendant well knew when he made the representations aforesaid that they were false.

"4. That plaintiff by his reliance upon said representations suffered damage to the amount of $5,000.00."

Does the complaint meet the requirements of Rule 9(b), U.R.C.P.?[1] We think not.

■ This court has several times held that one of the basic elements of pleading a cause of action based upon fraud is the materiality of the alleged false representation.[2] In certain instances the pleader can meet this requirement by simply alleging the representation and its falsity for by the very nature of the representation it must be either true or false in its entirety. Classic examples in this regard include some matters of status and such matters as blood lines. A person is either married or he is not; a horse is either a thoroughbred or it is not. But in the great majority of cases the materiality of a false representation cannot be ascertained unless the true fact is alleged with particularity.[3]

■ In the instant case the significance of the alleged misrepresentation cannot be ascertained in the absence of knowledge of the true facts. Roofs ordinarily leak and heating plants fail to be "in excellent condition" in degrees rather than *in toto*. Misrepresentations relative to fuel bills, gross income and operating expenses may be of so little importance as to fall within the rule of *de minimis*, or of so great a significance as to be the proper basis of an action for fraud. The materiality of the allegations is dependent upon the true facts. The trial court properly held that the complaint did not state a claim in fraud.

■ Appellant further contends that even if the complaint fails to state a claim, the trial court abused its discretion in dismissing the action without first allowing him an opportunity to amend. Rule 15(a), U.R.C.P. provides that leave to amend pleadings shall be freely given *when justice so requires* and this court has many times expressed a like view. But the liberality of the rule is not without limit. The record herein shows that appellant was allowed to amend his original complaint but that no amendment of substance was contained in the amended complaint. The

---

1. Rule 9(b), U.R.C.P. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

2. Stuck v. Delta Land & Water Co., 63 Utah 495, 227 P. 791. Oberg v. Sanders, 111 Utah 507, 184 P.2d 229. Pace v. Parrish, Utah, 247 P.2d 273.

3. This principle is recognized in the suggested forms of pleading under Rule 9(b), F.R.C.P., 28 U.S.C.A. as follows: "II. Those representations were false in fact and known to be false by the defendant at the time they were so made, and in truth and in fact (here state the truth as to the facts concerning which the representations were made," § 3431 Barron & Holtzoff, Federal Practice and Procedure.

record also reveals that, although the trial court granted continuances for appellant's convenience at the hearings upon the several motions to dismiss, counsel for appellant never appeared at any of the hearings except their final motion to reconsider and set aside the order of dismissal. Under such circumstances we find no abuse of discretion.

Both parties have indicated in the oral presentation of their case and in their briefs, that the order of dismissal was intended to be without prejudice. The order entered did not so state and should therefore be modified accordingly.

We have considered appellant's remaining assignments of error and find no merit to them.

The District Court is directed to modify its order to provide for the dismissal of the action without prejudice and the judgment is affirmed in all other respects. Costs to respondents.

McDONOUGH, CROCKETT, HENRIOD and WADE, JJ., concur.

WOLFE, C. J., being disqualified, does not participate herein.